**UNITED STATES of America,**
**Plaintiff,**
**v.**
**Gerard Fredrick LISK, Jr.,**
**Defendant.**
**No. 72–CR–186.**

United States District Court,
E. D. Wisconsin.

Nov. 5, 1974.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Kenneth J. Murray, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge:

The defendant Gerard Fredrick Lisk, Jr., has been indicted for possession of a firearm[1] in violation of 26 U.S.C. §§ 5861(d)[2] and 5871.[3] Presently pending before the court is defendant's motion to suppress the admission of said evidence at trial. Defendant alleges that the evidence was procured in violation of the fourth and fourteenth amendments of the United States Constitution. Defendant's motion to suppress is granted.

The record indicates that this case originated with the issuance of a warrant for the arrest of defendant on October 13, 1972, by the United States Magistrate, Mrs. Ruth W. LaFave. The arrest warrant was issued on the complaint of Special Agent Neal C. Londos, II, Bureau of Alcohol, Tobacco & Firearms. The complaint asserted a violation of 26 U.S.C. §§ 5861(d) and 5871 and indicated that it was based on the following:

"1. Information received from Thaddeus Brzenk, Special Agent, Bureau of Alcohol, Tobacco & Firearms, who advised that on October 2, 1972, he took a signed, sworn statement from Michael E. Hunt, residing at 3530 Eleventh Avenue, Kenosha, Wisconsin, which statement indicated that on approximately September 25, 1972, Michael E. Hunt observed the defendant, GERARD FREDRICK LISK, JR., in possession of the above-described explosive bomb at the defendant's residence, located at 660 Main Street, Fontana, Wisconsin, at which time the defendant, GERARD FREDRICK LISK, JR., placed the said explosive bomb in the trunk of Michael E. Hunt's automobile.

"2. Further information received from the Bureau of Alcohol, Tobacco & Firearms National Office Laboratory, which was provided with a sample of the mixture contained in said explosive bomb and the disarmed remains of the explosive bomb, that the examination revealed the deflagrating mixture was a smokeless powder and that if such powder were in such a device, it would explode if supplied with an adequate power source.

"3. Further information received from the National Firearms Registration and Transfer Record which advised that no firearms were registered to the defendant, GERARD FRED-

1. Defendant is specifically charged with possession of an explosive bomb consisting of a metal pipe approximately eighteen inches in length and an inch and a half in diameter, crimped at each end with two electrical wires protruding from the center thereof, and containing an explosive material.

2. Section 5861(d), Title 26, United States Code, states: "It shall be unlawful for any person— * * * (d) to receive or possess a firearm which is not registered to

him in the National Firearms Registration and Transfer Record * * *."

3. Section 5871, Title 26, United States Code, provides the penalty:
"Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000 or be imprisoned not more than ten years, or both, and shall become eligible for parole as the Board of Parole shall determine."

RICK LISK, JR., during the times material herein."

The firearm in question was seized from the trunk of Hunt's automobile by law enforcement officers on September 30, 1972. The arrest warrant was issued on October 11, 1972, and defendant was indicted by order of the grand jury on November 14, 1972.

For the purposes of the motion to suppress, the parties have stipulated: (1) that the defendant had a proprietary interest, including right to possession of the firearm transferred to Hunt; (2) that the search of the automobile and the subsequent seizure of the firearm were unlawful; (3) that when the firearm was seized from the trunk of Hunt's automobile by law enforcement officers, defendant was not in the automobile; and (4) that at no time whatsoever did the defendant have a proprietary or possessory interest in Hunt's automobile.

The issue presented by defendant's motion to suppress is a relatively narrow one.

The parties have chosen not to contest the legality of the search and seizure, as they have stipulated that the search of the automobile and the subsequent seizure of the firearm were illegal. Rather, they have chosen to vigorously contest whether or not defendant has standing in this court to raise the issue.

Rule 41(e) of the Federal Rules of Criminal Procedure states:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. * * * If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. * * *"

■■ In order to be considered "[a] person aggrieved by an unlawful search and seizure," one must have been the victim of the search and seizure; that is, one must be in the position of claiming prejudice because of the direction or goal of the search rather than being one who simply asserts prejudice because of implications gained as a result of a search and seizure directed at someone else. It is manifest that a constitutional claim can only be registered by someone who " * * * belongs to the class for whose sake the constitutional protection is given." New York, ex rel. Hatch v. Reardon, 204 U.S. 152, 160, 27 S.Ct. 188, 190, 51 L.Ed. 415 (1907). The Supreme Court emphasized in Alderman v. United States, 394 U.S. 165, 171–172, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969):

" * * * suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. * * *"

■ One way to determine whose rights are violated by an illegal search is to inquire into whether the movant has established that he either owned the seized property or had a substantial possessory interest in the premises searched. In Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the Supreme Court formulated a rule of "automatic standing" for cases in which the possession needed to establish standing is also an essential element of the crime charged. Mr. Justice Frankfurter, in not allowing the prosecution to first allege "possession" as a critical element of the crime and then to contradictorily argue that there was not the necessary "possession" for standing purposes, explained:

" * * * The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory

assertions of power by the Government. . * * * " 362 U.S. 257, 263–264, 80 S.Ct. 725, 732, 4 L.Ed.2d 697.

Constructed on the carefully laid foundation of Jones v. United States, supra, is the case of Brown v. United States, 411 U.S. 223, 229, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208 (1973). In *Brown*, the Supreme Court offered the following formula for determining standing:

> "In deciding this case, therefore, it is sufficient to hold that there is no standing to contest a search and seizure where * * * the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. The vice of allowing the government to allege possession as part of the crime charged, and yet deny that there was possession sufficient for standing purposes, is not present. The government cannot be accused of taking 'advantage of contradictory positions.' Jones v. United States, *supra*, 362 U.S. at 263, 80 S.Ct. at 732. See United States v. Allsenberrie, 424 F.2d 1209, 1212–1214 (CA7 1970); * * *. * * * "

In applying the *Brown* test to the case at hand, I note the parties have stipulated that the defendant was not in Hunt's automobile at the time of the contested search and seizure and that defendant did not have any proprietary or possessory interest in Hunt's automobile. Thus, in these respects the instant matter is similar to that found in subsections (a) and (b) of the *Brown* test.

█ It is clear, however, that defendant is herein charged with an offense which includes, as an integral element of the offense charged, "possession" of the seized evidence. Section 5861(d) of 26 U.S.C. states that "It shall be unlawful for any person— * * * (d) to re-

ceive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record * * * ." Thus, either "receipt" or "possession" of the firearm are the essential elements of the offense. Although the statute contains no requirement that the defendant be in possession of the evidence at the time of the contested search, courts have consistently ruled that the possession necessary to establish the offense may be constructive possession as well as actual possession. United States v. LaGue, 472 F.2d 151 (9th Cir. 1973); Mack v. United Stated, 326 F.2d 481 (8th Cir. 1964), cert. denied, 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309 (1964); United States v. Burch, 313 F.2d 628 (6th Cir. 1963). This judicial construction can fairly be construed as requiring that defendant be in some kind of possession, either actual or constructive, of the evidence at the time of the arrest. The parties have stipulated that the defendant has proprietary interest, including the right to possession of the firearm. Thus, it is uncontested that defendant had constructive possession of the firearm.

The Government's reliance on Brown v. United States, supra, is misplaced. Since subsection (c) of the *Brown* test has not been satisfied, I cannot hold that defendant has no standing to contest the search and seizure. The vice of prosecutorial self-contradiction is evident here. Defendant has been charged by the Government with "wilfully and knowingly possess[ing] a ' firearm." Then in response to defendant's motion to suppress, the Government argues that defendant has no standing to contest the search and seizure of the alleged firearm.

█ A defendant can attack such a contradictory assertion of power by the Government. Therefore, defendant has standing to contest the search and seizure. Once standing is granted to the defendant to attack the legality of the search and seizure and both parties have agreed that " * * * the search of the automobile and the subsequent seizure

of the firearm were unlawful," it follows that defendant's motion to suppress must be granted.

For the reasons above stated,

It is ordered that the defendant's motion to suppress be and it hereby is granted.