Charles W. MABRA,
Petitioner-Appellant,

v.

Ramon L. GRAY, Respondent-Appellee.

No. 74–1690.

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 1975.

Decided July 3, 1975.

Rehearing Denied Aug. 11, 1975.

Charles F. Crutchfield, Dennis Mulshine, law student, Notre Dame Law School, Notre Dame, Ind., Joseph P. Bauer, Notre Dame, Ind., for petitioner-appellant.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before CUMMINGS, STEVENS and TONE, Circuit Judges.

STEVENS, Circuit Judge.

The question presented is whether appellant's Fourth Amendment rights were violated by a custodial search of his wife's purse and person. Currency, identified as the proceeds of a tavern holdup allegedly committed by appellant Mabra, was obtained during the search.

The appeal is from the denial of a petition for a writ of habeas corpus; appellant's conviction of armed robbery while masked and first degree murder had previously been affirmed by the Wisconsin Supreme Court. *State v. Mabra,* 61 Wis.2d 613, 213 N.W.2d 545 (1974). Mabra and his wife were apprehended about four hours after the crime, the police investigation having revealed that Mrs. Mabra had borrowed the getaway car from her brother that morning and had not yet returned it. After what was apparently a cursory search for weapons at the time of arrest, Mr. and Mrs. Mabra were taken to the police station in separate vehicles. Thereafter a custodial search of Mrs. Mabra's purse revealed $40.20, including sixteen $1 bills and the balance in change; a search of her person disclosed an additional $539 in currency; this evidence was admitted over objection at Mabra's trial. On appeal from the denial of a motion for a new trial, the state Supreme Court held that Mabra had standing to challenge the validity of the search but that since Mrs. Mabra's arrest was supported by probable cause, the search was proper.

As a matter of federal law, appellant may not assert an alleged violation of his wife's Fourth Amendment rights as a basis for suppressing the evidence taken from her person. *Alderman v. United States,* 394 U.S. 165, 171–175, 89 S.Ct. 961, 22 L.Ed.2d 176; *Jones v. United States,* 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697.[1] Appellant argues that his rights were violated because the search of his wife was intended to uncover evidence that could be used against him; therefore, in the language used by Mr. Justice Frankfurter for the Court in *Jones,* he was "one against whom the search was directed." 362 U.S. at 261, 80 S.Ct. at 731.

---

1. Appellant's counsel has correctly pointed out that a number of states have held that the deterrent purpose of the exclusionary rule justifies a defendant's vicarious reliance on a violation of another person's Fourth Amendment rights as a basis for objecting to the admissibility of illegally seized evidence. The leading case is Judge Traynor's opinion in *People v. Martin,* 45 Cal.2d 755, 290 P.2d 855 (1955). *See also Wing v. State,* 490 P.2d 1376 (Okl.Cr. App.1971), *cert. denied,* 406 U.S. 919, 92 S.Ct. 1772, 32 L.Ed.2d 119. The Wisconsin Supreme Court also noted that the Model Code of Pre-Arraignment Procedure, Official Draft No. 1, recommended by the American Law Institute on July 15, 1972, has recommended that the existing standing rules be relaxed to accord standing to a spouse of the person searched. *See* 61 Wis.2d at 621–622 n. 4, 213 N.W.2d 545. However, we are, of course, bound by the decisions of the United States Supreme Court; and it is perfectly clear that in a collateral attack on a state conviction, a federal court may only consider alleged violations of the petitioner's federal constitutional rights as a basis for relief.

We may assume, even though the record is unclear on the point, that the police hoped to find evidence tending to incriminate Mabra when they searched his wife. Nevertheless, apart from that hope, they had two legitimate reasons for searching her that did not concern him. First, in connection with temporary incarceration at the police station, routine procedure includes a search to determine whether weapons or other dangerous instrumentalities are being brought inside. Second, since the police knew that Mrs. Mabra had procured the getaway car, they had reason to believe that she was involved in the robbery herself. Thus, if the search was designed to obtain evidence relating to the robbery, it was reasonable to expect that such evidence would be used against her. It is not accurate, therefore, to characterize the search as directed against her husband.

This is not a case in which Mabra can argue that there was an illegal invasion of his wife's privacy for the sole purpose of obtaining evidence against him. We therefore need not squarely hold that he would not have standing to challenge the search in such circumstances, although we note respectable authority for a reading of the phrase "one against whom the search was directed" as merely another way of describing "a victim of a search or seizure," rather than as an additional category of persons having standing to make the Fourth Amendment objection.[2] See especially Chief Judge Murrah's opinion in *Sumrall v. United States,* 382 F.2d 651, 654–655 (10th Cir. 1967), *cert. denied,* 389 U.S. 1055, 88 S.Ct. 806, 19 L.Ed.2d 853, a case remarkably similar to this one on its facts. *See also* W. White & R. Greenspan, "Standing to Object to Search and Seizure," 118 U.Pa.L.Rev. 333, 346–348 & n. 81 (1970). *But see* Judge Swygert's concurring opinion in *United States v. Lisk,* No. 75–1033, 522 F.2d 228 (7th Cir. 1975).

[4] Neither the custodial search of Mrs. Mabra, nor the seizure from her person of the proceeds of the armed robbery violated Mabra's Fourth Amendment rights. *Cf. United States v. Lisk,* No. 75–1033, 522 F.2d 228 (7th Cir. 1975). Accordingly, as a matter of federal law, he had no right to object to the admissibility of that evidence.[3]

---

2. The relevant sentence in Mr. Justice Frankfurter's opinion reads as follows:

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else."

362 U.S. at 261, 80 S.Ct. at 731. The descriptions of (1) "a victim of a search", and (2) "one against whom the search was directed" may be read as appositive.

3. Nor do we believe there is any merit to Mabra's contention that he was denied due process by the failure of the prosecutor to specify in the information which of the three paragraphs in Wis.Stat. § 939.05(2) (Parties to Crime) he was relying upon. *State v. Cydzik,* 60 Wis.2d 683, 688, 211 N.W.2d 421, 425 (1973).