**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerard Fredrick LISK, Jr.,**
**Defendant-Appellant.**

**No. 77–1040.**

United States Court of Appeals,
Seventh Circuit.

Argued May 26, 1977.
Decided Aug. 1, 1977.

---

Kenneth J. Murray, Milwaukee, Wis., for defendant-appellant.

William J. Mulligan, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CLARK, Associate Justice,* and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

Gerard Fredrick Lisk, Jr., was indicted for knowingly and willfully possessing a firearm, here a pipe bomb, in violation of 26 U.S.C. §§ 5861(a) and 5871.[1] Defendant moved to suppress the seized firearm on the basis of the following set of facts which were stipulated only for the purposes of the suppression motion:

---

\* The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, was sitting by designation. He participated in the conference but died before this opinion was written.

1. A pipe bomb is a firearm under 26 U.S.C. §§ 5845(a) and (f).

"(1) The indictment charges that the defendant, Gerard Fredrick Lisk, Jr., possessed a firearm on or about September 25, 1972.

"(2) The defendant, on September 25, 1972, transferred the firearm to Michael Hunt and told Mr. Hunt to hold it for him until he asked for its return. At all times material hereto, the defendant had a proprietary interest, including right to possession, in the alleged firearm.

"(3) On September 25, 1972, the firearm was placed in the trunk of Mr. Hunt's automobile. On September 30, 1972, the firearm was seized from the trunk of Mr. Hunt's automobile by law enforcement officers. It is conceded, for the purposes of this hearing, that the search of the automobile and the subsequent seizure of the firearm were unlawful.

"(4) At no time on September 30, 1972, was the defendant, Gerard Fredrick Lisk, Jr., in the automobile of Michael Hunt.

"(5) At ·no time material hereto, did the defendant have a proprietary or possessory interest in the automobile of Michael Hunt." (Stip. Dec. 7, 1973.)

On these facts the district court determined that the defendant had standing to raise a Fourth Amendment objection and since the search and seizure were conceded to be unlawful, the firearm was suppressed. *United States v. Lisk*, 383 F.Supp. 550 (E.D. Wis.1974). The Government appealed and this Court reversed, holding that the defendant had standing to object to the seizure but not to the search. *United States v. Lisk*, 522 F.2d 228 (7th Cir. 1975). In so holding, then Judge Stevens developed the following rationale:

"There is a difference between a search and a seizure. A search involves an invasion of privacy; a seizure is a taking of property.

\* \* \* \* \* \*

"Hunt's car was searched and defendant's property seized. The invasion of Hunt's privacy was a violation of Hunt's Fourth Amendment rights, but this violation is clearly not available to the defendant as a basis for suppressing evidence acquired thereby. Defendant must rely on the seizure of the firearm as a violation of his own Fourth Amendment rights.

\* \* \* \* \* \*

" \* \* \* If the seized item was contraband or the product of criminal activity, it was clearly subject to seizure; indeed \* \* \* even if it was mere evidence, a reasonable belief that it would aid in \* \* \* apprehension or conviction would be sufficient justification for its seizure.

\* \* \* \* \* \*

" \* \* \* Having put the search to one side, [defendant] has not demonstrated that the evidence should be suppressed on the ground that *his* Fourth Amendment rights were violated by the seizure." 522 F.2d at 230–231. (Emphasis in original.)

In a supplemental opinion denying a petition for rehearing, Judge Stevens distinguished *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59,[2] as well as stating that the initial opinion had not been intended to foreclose an evidentiary hearing on the reasonableness of the seizure if the district court deemed it appropriate (522 F.2d at 232–234), because the record did not disclose the factual basis for the stipulated conclusion that the seizure was unlawful.[3]

On remand, the district court conducted a suppression hearing in connection with a bench trial. The firearm was admitted into

**2.** Defendant had argued that *Jeffers* supported his position that his interest in the seized property gave him standing to challenge the search that led to the seizure as well as the seizure itself (522 F.2d at 232–233).

**3.** In this regard Judge Stevens stated that defendant was

"correct in pointing out that the evidence \* \* \* might conceivably show that the seizure was unreasonable. If, for example, the police knew in advance that they would find the bomb in the trunk, they might be unable to justify a failure to obtain a warrant. *See Coolidge v. New Hampshire*, 403 U.S. 443, [91 S.Ct. 2022, 29 L.Ed.2d 564]." 522 F.2d at 233–234.

evidence and the defendant was convicted and sentenced to one year probation. On the issue of the admissibility of the pipe bomb, Judge Reynolds stated in part:

> "So then we get to the question of whether or not the pipe bomb itself is admissible under the plain view doctrine, and I am satisfied that Officer Robbins, when he saw it there, he certainly realized that it was—could be potentially dangerous or an explosive device. He testified that he shook it, * * * [and] made statements * * * at the time that this could be a bomb.
>
> "And so, under the cases that indicate the dangerous device, * * * an explosive device, by its very configuration * * * it is an illegal device, * * * it fits all those [statutory] definitions.[4] And so I think that the officers, under the case law of plain view, were justified in seizing it." (Tr. 296–297)

As announced from the bench, we affirm the district court's denial of defendant's motion to suppress. We take the step of publishing this *per curiam* opinion because, as in our prior opinion, we have been surprised to find no authority directly on point although the issue involved "seems simple and clear-cut and certainly the problem must be one that frequently arises * *." *United States v. Lisk, supra*, at 230.

■ The defendant claims the seizure was unreasonable because two limitations on the plain view doctrine have been breached. Under the plain view exception to the warrant requirement of the Fourth Amendment propounded in *Coolidge v. New Hampshire*, 403 U.S. 443, 468–471, 91 S.Ct. 2022, 29 L.Ed.2d 564, the police must have a legal right to be in the place from which they take the plain view and the discovery of evidence in plain view must be inadvertent.

■ The plain view doctrine, however, takes as its fundamental premise that the Fourth Amendment provides a "right of personal security against arbitrary intrusions by official power." 403 U.S. at 455, 91 S.Ct. at 2032. But this right only applies to a specific individual if he has a justifiable claim to it. *Alderman v. United States*, 394 U.S. 165, 171–172, 89 S.Ct. 961, 22 L.Ed.2d 176. In particular, an accused cannot claim the protections of the Fourth Amendment where "a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object." 403 U.S. at 466, 91 S.Ct. at 2038. Such is the situation here. Defendant under the circumstances of this case has no justifiable Fourth Amendment privacy interest in the pipe bomb whatsoever. See *United States v. Alewelt*, 532 F.2d 1165, 1168 (7th Cir. 1976). "[A]s far as defendant is concerned the case is the same as though the firearm had been found in plain view in a public place and then seized." *United States v. Lisk*, 522 F.2d at 230.

■ It may be easily demonstrated that even if the defendant could claim the benefits of the Fourth Amendment, the seizure would be lawful. As we held in our prior opinion, the police had a lawful right to be anywhere within the trunk of Hunt's car vis-à-vis the defendant. Prior to opening the trunk, the police were not aware that a pipe bomb was inside (Tr. 45), as defendant's counsel has conceded (Tr. 220). "Once the trunk of the Hunt auto was opened * * * the police officers properly (in reference to Lisk) seized the pipe bomb inasmuch as it appeared to be an explosive device by its very configuration." 522 F.2d at 231 (Swygert, J., concurring).

■■ If the record has disclosed that the search of Hunt's car had been intentionally "directed at" Lisk, the Fourth Amendment's protection might apply to Lisk. 522 F.2d at 231, 232. Concern for the important values inherent in the Fourth Amendment require, in this respect, that the burden fall upon the Government to show the absence of a search intentionally directed at the accused. The evidence in this case overwhelmingly demonstrates the absence

---

4. See note 1 *supra*.

of any such attempted circumvention of justifiably held Fourth Amendment rights.[5]

For the foregoing reasons the judgment of the district court is affirmed.[6]

---

5. Because this is not a case where there was an illegal invasion of Hunt's privacy for the sole purpose of obtaining evidence against Lisk, we need not decide if Lisk would have standing to make a Fourth Amendment objection under those circumstances. *Mabra v. Gray*, 518 F.2d 512, 514 (7th Cir. 1975) (Stevens, J.).

6. Defendant raises the spectre of a police practice of making regular illegal searches of persons in the hope that they will find something incriminating relating to someone who is not the target of the search. We believe this concern is specious. In any event, such a practice by the police would raise grave due process issues. *United States v. Russell*, 411 U.S. 423, 431–432, 93 S.Ct. 1637, 36 L.Ed.2d 366. See *Hampton v. United States*, 425 U.S. 484, 493 n. 4, 96 S.Ct. 16, 46, 48 L.Ed.2d 113 (Powell, J., concurring).