68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shelly McCASTER, Defendant-Appellant.
 No. 94-5999.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1995.
 
 Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 KAREN NELSON MOORE, Circuit Judge.
 
 
 1
 Shelly McCaster appeals the denial of his motion to suppress evidence obtained pursuant to a search warrant of his residence. McCaster pleaded guilty to aiding and abetting the possession with intent to distribute approximately one kilogram of cocaine, but in his plea agreement he reserved the right to appeal the denial of his motion to suppress. McCaster argues that the search warrant obtained to search his house was invalid because it was based on the fruit of an illegal seizure of a kilogram of cocaine from the car of his co-defendant, Leroy Gilliam. This court affirms the district court's denial of McCaster's motion to suppress because McCaster lacks a reasonable expectation of privacy in Gilliam's car or the bag of cocaine found in plain view on the floorboard during an investigative stop of Gilliam's car.
 
 I.
 
 2
 Based on a corroborated tip from a confidential informant about a large shipment of cocaine, narcotics officers set up surveillance of McCaster's residence. Within approximately one hour, officers observed several cars coming and going form McCaster's residence after staying for only a few minutes. Finally, the officers decided to stop the next vehicle that came and went from McCaster's residence. Soon thereafter, Gilliam drove into McCaster's driveway, with co-defendant Leroy Sanders as a passenger. Sanders got out of the vehicle, went into McCaster's house, and returned to the car a few minutes later carrying a white plastic bag.
 
 
 3
 As Gilliam and Sanders drove away, the officers decided to stop them based on a reasonable suspicion that they were carrying drugs. After unsuccessfully attempting to contact a marked vehicle to conduct the stop, the officers activated blue lights on the dashboards of their vehicles and sounded their sirens to pull the car over themselves. Gilliam drove approximately seven-tenths of a mile further before stopping, apparently resisting the officers' attempt to stop him. The officers got out of their vehicles with their guns drawn and shouted at Gilliam and Sanders to get out of the car. Both Gilliam and Sanders were taken out of the vehicle at gunpoint and forced to place their hands on the car. While getting Sanders out of the car, two officers saw a bag that looked like it contained cocaine on the floor of the car. After the officers found the cocaine, they arrested Gilliam and Sanders. Based in part on the cocaine found in Gilliam's car, the officers obtained a search warrant to search McCaster's residence. When the officers searched McCaster's house, they found cocaine and other drug paraphernalia.
 
 II.
 
 4
 McCaster seeks suppression of the evidence obtained during the search of his residence, claiming that it is the fruit of an illegal stop and search of Gilliam's car, which resulted in police finding a bag of cocaine in plain view in the car. However, to prevail on a fruit of the poisonous tree argument, a defendant must have standing regarding the underlying constitutional violation. 4 Wayne R. LaFave, Search and Seizure Sec. 11.4 at 371 (2d ed. 1987). See Wong Sun v. United States, 371 U.S. 471, 492 (1963) (narcotics discovered based on statements one defendant made while under an illegal arrest suppressed as to that defendant, but not suppressed as to another defendant who had no right of privacy invaded). Evidence may be excluded under the Fourth Amendment only if "the proponent of the motion to suppress has had his own Fourth Amendment rights infringed by the search or seizure which he seeks to challenge." Rakas v. Illinois, 439 U.S. 128, 133 (1978) (rejecting the label "standing" in favor of the substantive question whether defendant's own Fourth Amendment rights have been infringed). In order to proceed on a motion to suppress, the movant must show that: 1) "he manifested a subjective expectation of privacy in the object of the challenged search;" and 2) "society is prepared to recognize that expectation as legitimate." United States v. Sangineto-Miranda, 859 F.2d 1501, 1510 (6th Cir. 1988) (citing California v. Ciraolo, 476 U.S. 207, 211 (1986)). Furthermore, the defendant bears the burden of establishing his standing to challenge a violation of the Fourth Amendment. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980).
 
 
 5
 McCaster claims a possessory interest in the plastic bag of cocaine found in plain view on the floorboard of Gilliam's car. However, since McCaster does not assert any expectation of privacy in Gilliam's car, McCaster cannot successfully assert a reasonable expectation of privacy in the bag of cocaine found in plain view. See id. at 104-106. In Rawlings, the defendant moved to suppress drugs found during an illegal search of an acquaintance's purse. Although Rawlings asserted a possessory interest in the drugs, the Court found his motion to suppress had been properly denied because he did not show that he had a reasonable expectation of privacy in the purse. Id. Similarly, in United States v. Lisk, 522 F.2d 228 (7th Cir. 1975), cert. denied, 423 U.S. 1078 (1976), appeal after remand, aff'd, 559 F.2d 1108 (7th Cir. 1977), officers seized a firearm during an illegal search of a car owned by a third party, and the defendant conceded that he had no expectation of privacy in the car searched but asserted "a proprietary interest" in the seized firearm. Judge (now Justice) Stevens found that the defendant had no standing to object to the search of the car; therefore "as far as defendant is concerned the case is the same as though the firearm had been found in plain view in a public place [where the defendant would have had no reasonable expectation of privacy]." Id. at 230. See also United States v. Salvucci, 448 U.S. 83, 93 (1980) (finding that the appropriate inquiry under the Fourth Amendment is "not merely whether the defendant had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched.").
 
 
 6
 The district court found that the officers could see one kilogram of cocaine in plain view on the floorboard of Gilliam's car. Order Denying Motions To Suppress dated March 2, 1993, at 2. This finding was not clearly erroneous. See United States v. Duncan, 918 F.2d 647, 650 (6th Cir. 1990), cert. denied, 500 U.S. 933 (1991). Accordingly, McCaster's bare assertion of a possessory interest in the bag does not suffice, because the bag was open, or at a minimum, did not conceal its contents. See Arkansas v. Sanders, 442 U.S. 753, 765 n.13 (1979) (stating in dicta that "some containers ... by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance."), overruled on other grounds, California v. Acevedo, 500 U.S. 565 (1991); United States v. Ramos, 960 F.2d 1065, 1067 (D.C. Cir. 1992) ("the fourth amendment provides protection to the owner of only a 'container that conceals its contents from plain view."') (quoting United States v. Ross, 456 U.S. 798, 822-23 (1982)). Therefore, McCaster has not met his burden to show a reasonable expectation of privacy violated by the officers' stop of Gilliam's car or seizure of the bag of cocaine. See Rawlings, 448 U.S. at 104.
 
 
 7
 This court does not find that a defendant may never have a legitimate expectation of privacy in a plastic bag. E.g., Ross, 456 U.S. at 822-23 ("a traveler who carries a toothbrush and a few articles of clothing in a paper bag or knotted scarf [may] claim an equal right to conceal his possessions from official inspection as the sophisticated executive with the locked attache case"). Nor do we find that a non-passenger, non-owner of a vehicle may never assert a legitimate expectation of privacy in items found during a stop of the vehicle. E.g., United States v. Perez, 689 F.2d 1336, 1338 (9th Cir. 1982) (non-owner, non-passenger defendants "took reasonable precautions to maintain their privacy interest" by keeping truck containing drugs under surveillance). But McCaster cannot have a legitimate expectation of privacy in a bag that revealed its contents, which officers found in a place in which he did not even assert any expectation of privacy. Accordingly, we AFFIRM the district court's denial of McCaster's motion to suppress the cocaine.