**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Herb LaGUE, Defendant-Appellant.**
**No. 72–1542.**

United States Court of Appeals,
Ninth Circuit.
Jan. 3, 1973.

---

was one of several employees who had access to the warehouse. The indictment charged appellant with possession of the guns on or about March 4, 1971. Several witnesses testified they had seen some or all of the guns in appellant's possession on various occasions in previous years and as recently as August 1970. The guns had been at appellant's home and at a mine owned by appellant. Appellant was acquitted of a companion charge for possession of an unregistered silencer. There was no evidence connecting appellant with the silencer at any time before it was discovered with the guns.

■ ■ The argument that the evidence was insufficient to support the verdict and judgment is clearly without merit. The possession necessary to establish the offense may be constructive possession as well as actual possession. United States v. Holt, 427 F.2d 1114, 1116 (8th Cir. 1970); Rodella v. United States, 286 F.2d 306 (9th Cir. 1960), cert. denied, 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961).

The record includes testimony of witnesses who had seen the defendant with weapons similar to those taken from the LaGue family warehouse; it also contains the testimony of an undercover agent to conversations with defendant in which the defendant discussed his ownership of weapons like those found. From all of this and the denials of the defendant which the jury was entitled to disbelieve the verdict gathered ample support.

■ Appellant's second contention is that as a possessor he is not required to register his weapons. 26 U.S.C. § 5861 (d) does not make failure to register the guns a crime, but rather the possession of certain guns which should have been registered but were not. Kilcrease v. United States, 457 F.2d 1328, 1332 (8th Cir. 1972); United States v. Stella, 448 F.2d 522, 524 (9th Cir. 1971).

Jerome Fishkin (argued), San Francisco, Cal., for defendant-appellant.

Lawrence J. Semenza, Asst. U. S. Atty. (argued), Bart M. Schouweiler, U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before TRASK, GOODWIN and WALLACE, Circuit Judges.

## PER CURIAM:

This is an appeal from a conviction by a jury of possessing unregistered machineguns in violation of the National Firearms Act, 26 U.S.C. § 5861(d).[1]

The government contended appellant possessed the three unregistered automatic guns located in a warehouse which had been leased to Twin City Carpet Company, a LaGue family business. Appellant, as a partner in the carpet business,

---

1. 26 U.S.C. § 5861 provides:

"It shall be unlawful for any person—
    *        *        *        *        *

"(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; . . . ."

Evidence in this case indicated appellant's possession antedated the effective date of the Gun Control Act of 1968. An amnesty period was provided by Congress that enabled any possessor to register a gun which required registration and gave 30 days following the effective date of the Act in order to do so. The appellant did not comply.

The errors in the conduct of the trial which have been assigned by appellant have been examined and are without substance.

The judgment is affirmed.