**UNITED STATES of America, Appellee,**

.v.

**Joseph H. KURCK, Appellant.**

**No. 76–2023.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1977.

Decided April 18, 1977.

Lanny K. Solloway, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee; A. Doug Chavis, Asst. U. S. Atty., Little Rock, Ark., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Joseph H. Kurck appeals from convictions for possessing a short-barreled .22 caliber rifle which was not registered to him in the National Firearms Registration and Transfer Records, in violation of 26 U.S.C. § 5861(d)(count I), and for possession of a firearm not identified by a serial number as required by 26 U.S.C. § 5861(i)(count II). The district court imposed concurrent sentences of one year of imprisonment on each count, both sentences to run consecutive to a five-year sentence imposed on Kurck by the district court on a separate conviction for counterfeiting. Kurck raises two issues

on appeal: (1) that as to count I, the prosecution failed to prove the unregistered status of the firearm, and (2) as applicable to both counts, that the Government failed to prove Kurck possessed the firearm in question. We reject those claims and affirm.

Because the modified rifle seized in this case measured less than 26 inches in overall length and its barrel measured less than 16 inches, the weapon fell within the special definition of a firearm under 26 U.S.C. § 5845(a), and, as such, was required to be registered by 26 U.S.C. § 5861(d). Additionally, under § 5861(i), the receipt or possession of such a weapon is unlawful if the firearm is not identified by a serial number.

The evidence disclosed that the weapon was seized in a search of appellant's home, consented to by appellant's wife. The weapon bore no serial number.

The Government attempted to prove absence of registration by introducing into evidence a certified record of a search of the National Firearms Registration and Transfer Record for guns registered to "Horace J. Kurch" (misspelling and name transposition of Joseph Horace Kurck). The certified record of the search disclosed that the firearm was not registered to the person named therein (Horace J. Kurch). The Government during trial sought to correct the mistake in the certified record as to the appellant's name by obtaining a teletype message from the headquarters of the Bureau of Alcohol, Tobacco and Firearms, conveying information that no gun had been registered to "Joseph Horace Kurck" in the National Firearms Registration and Transfer Record. Appellant attacks the admissibility of the teletype message.

 We need not rule on the admissibility of this message. The certified record recited that the firearm in question had no serial number. A government witness testified that the gun could not be registered without a serial number. The witness further testified that he had dismantled the gun in question and inspected it, but was unable to find any evidence of a serial number anywhere on the gun. Finally, the witness testified that attempted erasures of

most serial numbers are readily observable. In light of the evidence of the unregistered status of the gun, the district court's error, if any, in admitting the teletype amounted to harmless error.

■ Appellant's contention that the Government did not prove that appellant possessed the firearm lacks merit. The bail bond release form signed by appellant showed his residence as the place where the weapon had been seized. Federal agents testifying at trial referred to the location where the gun was seized as the residence of appellant. Thus, the prosecution presented sufficient evidence to make out a case of constructive possession by appellant of the firearm in question.

Finding no prejudicial error in the record, we affirm.