**UNITED STATES of America, Appellee,**

v.

**Raymond Earl POLK, Appellant.**

No. 77–1893.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1978.

Decided April 26, 1978.

Everett O. Martindale, Little Rock, Ark., for appellant.

Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., for appellee; W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief.

Before LAY and BRIGHT, Circuit Judges, and VAN SICKLE,* District Judge.

LAY, Circuit Judge.

Raymond Earl Polk was convicted on Counts I, III and V of a five-count indictment in the United States District Court for the Eastern District of Arkansas. Count I charged that the defendant pos-

\* Bruce M. Van Sickle, District Judge, District of North Dakota, sitting by designation.

sessed an unregistered firearm in violation of 26 U.S.C. § 5861(d). Counts III and V charged that the defendant possessed firearms after having been convicted of a felony in violation of 18 U.S.C.App. § 1202(a). The district court sentenced the defendant to two years imprisonment on Count I and two years imprisonment on Counts III and V. Execution of sentence on the latter two counts was suspended and concurrent two year probation terms were imposed on those counts, to be served consecutively to the sentence on Count I.

The government has confessed error on Counts III and V in that it failed to prove a nexus with interstate commerce in the defendant's possession of the firearms as required by 18 U.S.C.App. § 1202(a). *See United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

█ The defendant challenges the sufficiency of the evidence on Count I, asserting that the trial court wrongfully considered testimony of the defendant offered in support of his motion to suppress in deciding the case on the merits. The record indicates, however, that the defendant had waived his right to a jury trial and that counsel had agreed that evidence presented at the suppression hearing could be considered by the trial court in deciding the merits.

The evidence showed that on March 16, 1977, a search of the defendant's premises was conducted pursuant to a valid state warrant issued on the basis of probable cause to believe that the defendant was in possession of heroin. In the course of the search a police officer found the sawed-off shotgun specified in Count I in the closet of a bedroom which, according to the defendant's testimony, he occupied with his wife. The defendant testified that the gun belonged to Gary Brewer, a friend of the defendant who was living with him at the time of the search. Other evidence as to actual ownership of the gun was in conflict. However, the evidence is clear that the defendant had placed the shotgun in the closet adjoining his bedroom.

The defendant does not question the validity of the seizure of the shotgun under the plain view doctrine. *See United States v. Johnson,* 541 F.2d 1311, 1316 (8th Cir. 1976). The defendant does, however, contend that the evidence was insufficient to establish that he was in possession of the shotgun as required by 26 U.S.C. § 5861(d).

█ The trial court held that the fact that the gun was found in the defendant's bedroom was sufficient evidence of possession to support a conviction under 26 U.S.C. § 5861(d). We agree. Possession rather than ownership is required by the statute, and that possession may be either actual or constructive. *See United States v. Pietras,* 501 F.2d 182, 186 (8th Cir.), *cert. denied,* 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974). Joint possession of the firearm in question may be sufficient, *United States v. Holt,* 427 F.2d 1114, 1116–17 (8th Cir. 1970), and we have held that constructive possession may be established by a showing that the firearm was seized at the defendant's residence. *See United States v. Kurck,* 552 F.2d 1321, 1323 (8th Cir. 1977). In view of the fact that the shotgun was found in the defendant's closet and the defendant had admittedly exercised control over the gun in placing it there, we affirm the trial court's finding of guilt on Count I.

The conviction on Count I is affirmed. The convictions on Counts III and V are reversed and the cause is remanded to the district court with instructions to enter an order dismissing those counts. In view of our holding, the sentence imposed on Count I is vacated and Count I is remanded to the trial court for resentencing.