644 P.2d 905

**KNOELL BROTHERS CONSTRUCTION, INC., an Arizona corporation, Plaintiff-Appellee,**

v.

**STATE of Arizona, DEPARTMENT OF REVENUE, Defendant-Appellant.**

**1 CA–CIV 6118.**

Court of Appeals of Arizona,
Division 1, Department A.

March 2, 1982.

Rehearing Denied April 21, 1982.

Review Denied May 11, 1982.

Carmichael, McClue & Powell, P.C. by Ronald W. Carmichael, Claudia K. Roff, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Ian A. MacPherson, Frank L. Migray, Asst. Attys. Gen., Phoenix, for defendant-appellant.

## OPINION

OGG, Presiding Judge.

This is an appeal taken by the appellant-defendant, State of Arizona, Department of Revenue (Department), from the trial court's order granting summary judgment in a declaratory judgment action to the plaintiff-appellee, Knoell Brothers Construction, Inc. (Knoell).

In this appeal, this court must determine the proper method to be used by the Department in calculating Knoell's liability under the transaction privilege tax imposed on contractors under A.R.S. § 42–1310(2)(i).

The tax that is in issue here is levied at a rate equal to one percent of the gross proceeds of sales or gross income from the business of prime contracting within Arizona. The relevant two exclusions or deductions from gross income that are not subject to such tax are set forth in A.R.S. § 42–1310(2)(i). The pertinent provisions of this statute read as follows:

> The tax imposed by subsection A of § 42–1309 shall be levied and collected at the following rates:
>
> \*   \*   \*   \*   \*   \*
>
> 2. At an amount equal to one per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:
>
> \*   \*   \*   \*   \*   \*

> (i) Prime contracting, but the sale price of land which shall not exceed the fair market value, and an amount equal to thirty-five percent of gross income or gross proceeds of sale in lieu of any labor employed in construction, improvements or repairs shall not be subject to such tax
> . . . .

A.R.S. § 42–1310(2)(i) clearly provides that the sale price of land which does not exceed the fair market value and 35% of the gross income or gross proceeds of sale from the business of contracting shall not be included in the contractor's tax base when calculating the contractor's transaction privilege tax liability.

It is Knoell's position that for purposes of computing the 35% deduction, any income from the sale of the land involved in Knoell's residential housing development must be included in the gross income. It is the Department's position, however, that the gross income figure, which is to be multiplied by 35% in calculating the deduction allowed in lieu of actual labor costs, must be exclusive of any income attributable to the sale price of land.

For a proper analysis of the issue in this case, a brief background of the legislative history is helpful. Under the provision relating to prime contracting in effect prior to January 1, 1979, a contractor was allowed to exclude from his taxable base "payments paid by the contractor for labor employed in construction, improvements or repairs . . . ." A.R.S. § 42–1310(2)(i) (repealed 1978). Since this deduction was based on actual payments for labor, and was not based on a percentage of income, no conflict existed between the labor and the land deduction.

■ Effective January 1, 1979, the legislature repealed the prior A.R.S. § 42–1310(2)(i), and enacted the version in issue in this case.[1] Now, instead of granting a deduction in the tax base for amounts paid

---

1. The prior version of A.R.S. § 42–1310(2)(i) quoted above was repealed by Laws 1978, Ch. 97, § 2, eff. Jan. 1, 1979, and was replaced with the version currently at issue. § 42–1310(2)(i) was subsequently amended by Laws 1979, Ch. 146, § 6 in a manner not affecting the disposition of this case.

for labor, the statute provides for an "in lieu of labor" deduction which is calculated as "an amount equal to thirty-five percent of gross income or gross proceeds of sale . . . ." Consequently, the question to be answered is what receipts are to be included in the gross income of a contractor in order to compute the 35% "in lieu of labor" tax deduction.

It is our opinion that any income from the sale of land is not to be included as part of a contractor's gross income for purposes of computing the 35% "in lieu of labor" deduction in the determination of the contractor's transaction privilege tax liability.

The transaction privilege tax as applied to contractors is paid for the privilege of engaging in the contracting business, and it is measured by the gross income or gross receipts of the contractor derived from his contracting business. The terms "contracting" and "contractor" are defined in A.R.S. § 42–1301(3) and (4) as follows:

3. "Contracting" means engaging in business as a contractor.

4. "Contractor" is synonymous with the term "builder" and means a person, firm, partnership, corporation, association or other organization, or a combination of any of them, who undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structure or works in connection therewith, and includes subcontractors and specialty contractors. For all purposes of taxation or deduction, this definition shall govern without regard to whether or not the contractor is acting in fulfillment of a contract.

In the case of *Dennis Development Co. v. Department of Revenue*, 122 Ariz. 465, 469, 595 P.2d 1010, 1014 (App.1979), this court held that the tax liability base of a contrac-

tor for transaction privilege tax purposes "does not include proceeds from the sale of real property, because such proceeds are not the result of any activity listed in the statute as making up the business of contracting." *See also Ebasco Services, Inc. v. Arizona State Tax Commission*, 105 Ariz. 94, 459 P.2d 719 (1969).

Although the *Dennis* case was interpreting A.R.S. § 42–1310(2)(i) before it was repealed (effective January 1, 1979), the reasoning has application here. The sale of land is not part of the business of contracting as defined under A.R.S. § 42–1301(4). This conclusion is further supported by the definition of "gross income" as set forth in A.R.S. § 42–1301(7), which provides:

7. "Gross income" means the gross receipts *of a taxpayer derived from trade, business, commerce or sales* and the value proceeding or accruing from the sale of tangible personal property, or service, or both, and without any deduction on account of losses. (emphasis added)

It would therefore appear that if a contractor generates income from contracting activities, as those activities are defined in A.R.S. § 42–1301(4), then such income is properly included in the contractor's tax base. Conversely, if monies come to the contractor from sources other than his taxable contracting business activities, they do not constitute gross income for the purpose of calculating the "in lieu of labor" deduction under A.R.S. § 42–1310(2)(i).

It further appears only reasonable that the term "gross income" as used in A.R.S. § 42–1310(2)(i) be interpreted in a uniform manner both for imposing the tax as well as for calculating the 35% labor deduction. In statutory construction, it is a general rule that where the same words or phrases appear in the same statute, they will be given a generally accepted and consistent meaning unless the legislative intent is clearly expressed to the contrary. *Baker v. Salomon*, 334 N.E.2d 313, 316, 31 Ill. App.3d 278 (1975); 82 C.J.S. Statutes § 366a at p. 812 (1953).

The Arizona Supreme Court has recognized that

the various provisions of our taxing statutes are to be read together and ordinarily construed as a whole. Accordingly, if there were a definition of general applicability set forth in one provision, it would be given weight as indicating the appropriate definition of the same word or phrase in another provision. *Arizona State Tax Commission v. Staggs Realty Corporation*, 85 Ariz. 294, 297–98, 337 P.2d 281, 284 (1959). It is totally inconsistent to deduct the fair market value of the land from the proceeds of a contractor's home sale in determining the contractor's transaction privilege tax liability on his gross income, and then add back the value of the land when the calculation of his gross income is made to determine the amount of the "in lieu of labor" deduction.

To adopt Knoell's approach would create inequities and lead to some bizarre tax results. If land values are to be considered part of a contractor's gross income for purposes of calculating the 35% "in lieu of labor" tax deduction, a contractor building on a non-owned lot would not be treated the same taxwise as a contractor building on his own real property. A contractor building an inexpensive home on an expensive lot could escape paying any tax. For example, a $35,000 home built on a $65,000 lot that sold for $100,000 would entitle the contractor to a 35% deduction in lieu of labor (.35 × $100,000 = $35,000), which together with the deduction for the value of the land ($65,000), would calculate to give the contractor a zero tax base. The contractor would totally escape the payment of the transaction privilege tax on his gross income from such a building project.

■ In interpreting a statute, the courts will avoid an interpretation that leads to an absurdity because an absurdity could not have been contemplated by the legislature. *Smith v. Pima County Law Enforcement Council*, 113 Ariz. 154, 548 P.2d 1151 (1976); *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964); *Garrison v. Luke*, 52 Ariz. 50, 78 P.2d 1120 (1938).

■ Knoell asserts that even if the Department is correct in its interpretation of A.R.S. § 42–1310(2)(i), the Department is estopped to collect the tax in this case. Knoell argues that prior to February 1980, when the Department changed forms and its policy, the Department considered the land as a deductible element of gross income but not an exclusion from gross income, and that the contractors, relying on the Department's position, accepted the 35% deduction which had been empirically established as reasonable. Knoell contends that when the Department reversed its policy in February 1980 without notice or an opportunity for a hearing, it caused a loss to the contractors who had relied on the forms and prior tax enforcement policies of the Department.

The case of *Crane Company v. Arizona State Tax Commission*, 63 Ariz. 426, 441, 163 P.2d 656, 662 (1945), is dispositive of this argument. In *Crane*, the Arizona Supreme Court held that "[i]n the matter of collecting revenues, the state is acting in its governmental or sovereign capacity, and ordinarily there can be no estoppel. Were this not the rule the taxing officials could waive most of the state's revenue." Knoell's estoppel argument is also negated by the Arizona Constitution, art. 9, § 1, which provides that "[t]he power of taxation shall never be surrendered, suspended, or contracted away." We find the state is not estopped from collecting the transaction privilege tax as imposed in this case.

For the reasons stated herein, the trial court's ruling in favor of Knoell is reversed, and the case is remanded with instructions to enter judgment for the State of Arizona, Department of Revenue.

CORCORAN and FROEB, JJ., concur.