690 P.2d 145

**STATE of Arizona, Appellee,**

v.

**James Daniel KERR, Appellant.**

**No. 1 CA–CR 7281.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 16, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Gordon Thompson, Parker, for appellant.

## OPINION

(Substituted for Opinion filed August 14, 1984 and vacated on September 26, 1984)

GRANT, Judge.

Defendant was charged with two counts of aggravated assault (Counts One and Two), class 3 dangerous felonies, three counts of possession of prohibited weapons

(Counts Three, Four and Five), class 6 felonies, two counts of theft (Counts Seven and Eight), one a class 3 felony and the other a class 6 felony, and one count of possession of marijuana (Count Six), a class 6 felony. Defendant pled not guilty to all charges and the matter was set for trial. A trial began on April 29, 1983, but ended in a mistrial on May 2, 1983. Trial again commenced on May 17, 1983. On May 19, 1983, the trial court granted defendant's motion for judgment of acquittal on Count Five, possession of a prohibited weapon. A motion for a judgment of acquittal on Counts Three and Four was denied. On that same day, the jury returned their verdict, finding defendant guilty of both counts of the aggravated assault (Counts One and Two), guilty on one count of possession of a prohibited weapon (Count Three), and guilty of possession of marijuana (Count Six). The jury found defendant not guilty of Counts Four, Seven and Eight. On June 22, 1983, the trial court sentenced the defendant to an aggravated term of 10 years on both Counts One and Two, and to an aggravated term of 1.9 years on both Counts Three and Six. All sentences were to run concurrently.

On appeal, defendant raises the following issues:

1. Did the trial court abuse its discretion in denying the motion to suppress?
2. Did the trial court err in denying the motion *in limine?*
3. Did the trial court err in denying the motion to dismiss Counts Three and Four of the information?
4. Can a person be indicted and convicted of possession of a prohibited weapon in violation of A.R.S. §§ 13–3101 and 13–3102 when the weapon has been registered in the National Firearms Registry?
5. Did the trial court err in denying defendant's requested jury instructions relating to Counts Three and Four?

We affirm the conviction.

The factual background in the light most favorable to sustaining the result in the trial court is as follows: on February 2, 1983, five police officers went to defendant's residence in order to serve a search warrant. The officers had reasonable suspicion to believe that stolen automobile parts were present at the home and had secured a search warrant to search for such items. At defendant's residence, the officers were confronted by his wife. She told the officers that her son was the only person home and that defendant was not there. Defendant's wife further instructed their son not to allow the officers into the house. The officers entered the house by breaking a window and began to search the residence.

One officer located a trap door to the basement in a closet. Two officers opened the trap door and began looking into the dark basement with flashlights. They observed a bed and a machine gun in the basement. The gun appeared to be loaded and ready to fire. Two of the officers descended into the unlighted basement using their flashlights. The defendant came out from behind the bed and pointed a different machine gun at the officers. He demanded to know why the officers were in his house and threatened to shoot them. One officer explained to the defendant that they had a search warrant and they were searching the basement for stolen auto parts. The defendant was told to put his gun down and he refused. The officers decided to leave the basement. They went to the head of the stairs, threw a copy of the search warrant into the basement and told defendant to read it. Defendant apparently read the search warrant and came out of the basement voluntarily. He was placed under arrest and the officers executed the search warrant.

The search uncovered the engine parts for which the warrant had been issued, an Arizona Public Service electrical transformer, a bag of marijuana, drug paraphernalia, a sawed-off shotgun, and two machine guns.

## MOTION TO SUPPRESS

On April 25, 1983, defendant filed a motion to suppress. He contended that the search warrant was insufficient on its face

because a supposed list attached to the affidavit, which described items to be sought, was never attached. At the hearing, the court was asked to make part of the record the transcript of a previous hearing in a related case. At that previous hearing, defendant's wife, who was being charged with offenses similar to defendant, had apparently brought a motion to suppress. At that motion hearing, copies of the search warrant and affidavits were admitted, but no copy of the "attached list" was produced. The court granted the request to have defense counsel join in the motion made the day before and to consider testimony taken previously in the related case. Counsel for defendant continued to argue that the warrant lacked specificity because the "attached list", which had not been part of the motion argued the day before, was never attached to the warrant. At the time of the hearing, the judge noted that the list that counsel for defendant was arguing about had not been attached to any of the copies at the prior related hearing. The trial judge made arrangements to secure the original warrant from the justice court, reviewed it, and denied the motion to suppress by order on April 27, 1983.

Neither the copies of the warrant without the attached list from the related case hearing nor the original warrant and list were ever received into evidence and are not contained in the record on appeal. Defendant now contends that the motion to suppress should have been granted because the warrant lacked specificity, relying upon *State v. Dragos,* 20 Ariz.App. 14, 509 P.2d 1051 (1973).

■ We do not accept defendant's argument. A presumption exists in favor of the validity of search warrants. *State v. Superior Court,* 129 Ariz. 156, 629 P.2d 992 (1981). A trial court's ruling on a motion to suppress will not be disturbed absent a clear abuse of discretion. *State v. Adamson,* 136 Ariz. 250, 665 P.2d 972, *cert. denied,* —— U.S. ——, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983). Further, the defendant has the burden of proving that the warrant was not valid. *State v. Warren,*

121 Ariz. 306, 589 P.2d 1338 (App.1978). *See also Search Warrants C–419847 and C–419848 v. State,* 136 Ariz. 175, 665 P.2d 57 (1983). Our problem here is that neither the search warrants, affidavits nor the attached list became part of the record on appeal. While the record on appeal is composed of all documents, papers, pleadings and other items introduced into evidence, counsel for the defendant never formally moved for their introduction into evidence, particularly the original warrant with the attached list.

■ It is the responsibility of defense counsel to ensure that any document necessary to defendant's argument is in the record on appeal. *State v. Jessen,* 130 Ariz. 1, 633 P.2d 410 (1981), *appeal after remand,* 134 Ariz. 458, 657 P.2d 871 (1982). It is also the duty of defendant to see that the record contains the material to which he takes exception. *State v. Miller,* 120 Ariz. 224, 585 P.2d 244 (1978). Where the record is incomplete, a reviewing court must assume any evidence not available on appeal supported the trial court's actions. *Bliss v. Treece,* 134 Ariz. 516, 658 P.2d 169 (1983). Here, not only did counsel fail to include the necessary items but also made no reply to the state's argument in its answering brief that the record was incomplete and further failed to supplement the record after becoming aware of these arguments. As defendant has not carried his burden of proof by presenting the necessary evidence, we cannot find that the trial court erred in this matter.

## MOTION IN LIMINE

Immediately prior to the second trial, defendant brought a motion *in limine* to attempt to prohibit any evidence on the two counts of possessing prohibited weapons from being introduced at trial. Defendant argued that this information should be excluded from Counts One and Two because of the prejudicial effect.

■ Defendant's claim is frivolous. A motion *in limine* is a procedural device for the suppression of evidence. *State v.*

*Superior Court,* 128 Ariz. 583, 627 P.2d 1081 (1981), *cert. denied, Gretzler v. Arizona,* 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). It cannot be used to attempt to have charges dismissed or to sever counts of an indictment to prevent prejudice to the defendant. *See* Rule 13.4, Arizona Rules of Criminal Procedure. Further, there would be no basis for a proper motion to sever for prejudice. The state would have to introduce evidence of a weapon as one of the elements of the aggravated assault charges (Counts One and Two). As the weapon which formed the basis for Count Three is the same weapon that was used in the aggravated assaults in Counts One and Two, evidence of this automatic weapon would be admissible in evidence on both assault counts. As the jury would be shown at least one automatic weapon at any separate trial on Counts One and Two, there is no prejudice here.

### MOTION TO DISMISS

 Prior to the second trial, defendant filed a motion to dismiss Counts Three and Four of the information. This motion was made pursuant to Rule 16.5(b), Arizona Rules of Criminal Procedure. The basis of the motion to dismiss was that as to the charge of possession of prohibited weapons, the defendant would raise a defense that because these two weapons were registered with the National Firearms Registry pursuant to 26 U.S.C. § 5841 (1982), they were not prohibited weapons. Defendant now contends that the trial court's denial of his motion to dismiss is error. Rule 16.5(b) reads as follows:

> The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law.

We agree with the determination of the trial judge. A motion to dismiss tests only the legal sufficiency of an information and not whether there are valid factual defenses to the charge. An information is valid if it apprises the defendant of the essential elements of the crime charged, is suffi-

ciently definite to advise him of what he must be prepared to meet, and protects him from further prosecution for the same offense. *State v. Van Vliet,* 108 Ariz. 162, 494 P.2d 34 (1972). Here, the information told him the day of the alleged offense, the specific weapon he was allegedly in possession of, and the specific statutes and degree of offense with which he was charged. We hold that this information was legally sufficient and that the trial court was correct in denying the motion to dismiss based on factual defenses to be proven later.

### POSSESSION OF A PROHIBITED WEAPON

At the close of the state's case, counsel for defendant moved to be allowed to reserve his motion for judgment of acquittal until after the conclusion of the defense case. The court allowed this reservation. After the defense had presented its case to the jury, counsel for defendant moved for a directed verdict on Counts Three and Four on the grounds that the weapons in question were not prohibited weapons under A.R.S. § 13–3101 because of a valid registration. The court denied the motion, alluding to its prior reasoning on this issue. The court's reasoning for denying the motion was the belief that even though these weapons were validly registered to defendant's spouse, possession by anyone other than the person to whom they were registered would be a violation of A.R.S. § 13–3102(A)(3) (Supp.1983). The court summed up its position as follows:

> THE COURT: I think we have already decided that one again. There is no jury issue. The licenses are there. It's a question of the meaning of the statute and I think I indicated to you earlier that you interpreted the definitional section to permit any licensed weapon to be possessed by someone even if it's stolen or any circumstance, simply because it's licensed by someone to be a defense. I don't think that was the intent and clearly guts the meaning of the following section on prohibited weapons, so I'm not going to let that issue get to the jury. It

really has to do with the meaning of the statute. It's not a jury issue.

A.R.S. § 13–3102(A)(3) (Supp.1983) reads: A. A person commits misconduct involving weapons by knowingly:

\* \* \* \* \* \*

3. Manufacturing, possessing, transporting, selling or transferring a prohibited weapon; ...[1]

A.R.S. § 13–3101 states:

In this chapter, unless the context otherwise requires:

\* \* \* \* \* \*

6. "Prohibited weapon" means, but does not include fireworks imported, distributed or used in compliance with state laws or local ordinances or any propellant, propellant actuated devices or propellant actuated industrial tools which are manufactured, imported or distributed for their intended purposes, any:

\* \* \* \* \* \*

(c) Firearm that is capable of shooting more than one shot automatically, without manual reloading, by a single function of the trigger; ...

\* \* \* \* \* \*

(f) The items set forth in subdivisions (a), (b), (c) and (d) of this paragraph shall not include any such firearms or devices registered in the national firearms registry and transfer records of the United States treasury department or any firearm which has been classified as a curio or relic by the United States treasury department.

A.R.S. § 13–105(25) (Supp.1983) reads:

"Possess" means knowingly to have physical possession or otherwise to exercise dominion or control over property.

During trial, the defendant submitted evidence to show that these weapons were not prohibited weapons. Jeanette Kerr, wife of the defendant, testified to her registration of these automatic weapons with the National Firearms Registry. There was no objection to any of Mrs. Kerr's testimony as to the steps she took to register these guns with the federal authorities. The registrations for the weapons and attachments were also received into evidence. These exhibits showed that these weapons and attachments had been validly transferred from the transferror to the transferee (defendant's wife) and that the affixing of the tax stamps showed that the proper transfer taxes had been paid. The approval box on the front of the forms is checked, and the back of the forms further notes that, "Approval by the Director will affect the registration of the firearm to the transferee."

We do not completely agree with the legal conclusion of the trial judge. His ruling that the only person who could properly possess these weapons was the defendant's wife is based in part upon a trial memorandum prepared by the prosecutor's office. This memorandum deals basically with federal law, as all parties conceded that there was no applicable Arizona precedent on this issue. It was the position of the prosecutor that only Mrs. Kerr could possess these weapons even though they had been properly registered. The prosecutor cited the cases of *United States v. LaGue*, 472 F.2d 151 (9th Cir.1973), *United States v. Craven*, 478 F.2d 1329 (6th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85, *reh. denied*, 414 U.S. 1086, 94 S.Ct. 606, 38 L.Ed.2d 491 (1973), *United States v. Richardson*, 504 F.2d 357 (5th Cir.1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1406, 43 L.Ed.2d 659 (1975), *United States v. Polk*, 574 F.2d 964 (8th Cir.), *cert. denied*, 439 U.S. 849, 99 S.Ct. 150, 58 L.Ed.2d 151 (1978), and *Crapo v. United States*, 100 F.2d 996 (10th Cir.1939), as support for this position. The prosecutor's conclusion was that only Jeanette Kerr was authorized to possess the firearms in question and that actual or constructive posses-

---

1. We note that defendant was never charged as a prohibited possessor under A.R.S. § 13–3102(A)(4) despite his prior felony record. We reject any arguments that defendant could not possess these weapons made on this basis. *See State v. Martin*, 139 Ariz. 466, 679 P.2d 489 (1984).

sion by anyone else was enough to establish a violation.

■■■■■ Our review of these federal cases, however, notes an important distinction from the situation here. In all of the cases listed above, the weapons dealt with were unregistered weapons which *no one* could lawfully possess. The state has not cited to us any case dealing with a situation where the possessor is someone other than the individual holding a valid registration or the more difficult question of where the possessor resides with a valid registration holder. Under the state's interpretation of the statute and the applicability of constructive possession, anyone living in the same home as a registered possessor of such a firearm and knowing the weapon is there is a felon. We cannot accept this statutory interpretation. Without a clearer expression of legislative intent, we cannot find that the legislature intended to make felons of all individuals living with the lawful possessor of an automatic weapon. Penal statutes are to be construed in accordance with A.R.S. § 13–104. In interpreting statutes, courts will avoid an interpretation that leads to an absurdity because an absurdity could not have been contemplated by the legislature. *Knoell Brothers Construction, Inc. v. State Department of Revenue*, 132 Ariz. 169, 644 P.2d 905 (App.1982).

Accordingly, it was error for the trial court not to grant a judgment of acquittal as to Count Four because we interpret the statute to require more than constructive possession. However, defendant was acquitted as to Count Four, rendering this point unnecessary for reversal. *See State v. Frederick*, 129 Ariz. 269, 630 P.2d 565 (App.1981).

■■■■■ As to Count Three, it was uncontroverted that defendant was in *actual* possession of that weapon and pointed it at two police officers. We interpret "possess" in A.R.S. § 13–3102(A)(3) to require actual possession of the weapon, regardless of its valid registration to a third per-

son. Our holding is that while one cannot violate A.R.S. § 13–3102(A)(3) by the constructive possession of merely being in the home of a registered owner, actual possession by anyone other than the registered owner is prohibited. This distinction is in accord with the statutory definition of "possess" in A.R.S. § 13–105(25), in that actual possession here shows the necessary dominion or control, while constructive possession for this offense does not.

In this regard we are persuaded by the language in the National Firearms Act, 26 U.S.C. § 5841 *et seq.* (1982) which reads:

(a) **Central registry**

The Secretary shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include—

(1) identification of the firearm;

(2) date of registration; and

(3) *identification and address of person entitled to possession of the firearm.*

(b) **By whom registered**

Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. *Each firearm transferred shall be registered to the transferee by the transferor.*

26 U.S.C. § 5841 (emphasis added). We also note that there is a federal counterpart to the Arizona Prohibited Weapons statute which reads:

It shall be unlawful for any person—

\*　　\*　　\*　　\*　　\*　　\*

(d) to receive or possess a firearm which is *not registered to him* in the National Firearms Registration and Transfer Record; ...

26 U.S.C. § 5861 (emphasis added). The clear reading of the federal statute is that only the person who registers the weapon may possess it.

Indeed the Arizona statute itself contains exceptions to misconduct involving weap-

**434**

ons that would not be necessary under any other interpretation. A.R.S. § 13–3102 (Supp.1983) (emphasis added) reads in relevant part:

A. A person commits misconduct involving weapons by knowingly:

\* \* \* \* \* \*

3. Manufacturing, possessing, transporting, selling or transferring a prohibited weapon;

\* \* \* \* \* \*

C. Subsection A, paragraphs 1, 2, 3, 7, 8 and 9 shall not apply to:

\* \* \* \* \* \*

3. *A person specifically licensed, authorized or permitted pursuant to a statute of this state or of the United States.*

D. Subsection A, paragraphs 3 and 7 shall not apply to:

\* \* \* \* \* \*

3. Acquisition *by a person* by operation of law such as by gift, devise or descent or in a fiduciary capacity as a recipient of the property or former property of an insolvent, incapacitated or deceased person.

E. Subsection A, paragraph 3 of this section shall not apply to the merchandise of an authorized manufacturer thereof or dealer therein, when such material is intended to be manufactured, possessed, transported, sold or transferred solely for or to a dealer or a regularly constituted or appointed state or municipal police department or police officer, or a detention facility, or the military service of this or another state or the United States, or a museum or educational institution *or a person specifically licensed or permitted pursuant to federal or state law.*

If a validly registered weapon could be legally possessed by one other than the registrant the above exceptions would be unnecessary. Thus, the clear legislative intent is to make it a crime to possess a

prohibited weapon unless the possessor is also the person who registered the weapon in accordance with the National Firearms Act.

## JURY INSTRUCTIONS

During trial, defendant requested that the jury be instructed on Counts Three and Four that if the weapons in question were registered with the National Firearms Registry they could find the defendant not guilty of possession of a prohibited weapon. In an in-chambers conference, counsel for defendant filed a written request for the jury instructions. The court refused the instructions after deciding the statutory interpretation to be given to "possess". Defendant now contends that he is entitled to an instruction on his theory of defense. *See State v. Laughter,* 128 Ariz. 264, 625 P.2d 327 (App.1980).

■ It is the state's position that defendant has not properly protected the record for this court to review on appeal. While the trial judge did note that defendant's requested instruction was to be made part of the record, those requested instructions are not in the record before us now. The state relies upon *State v. Jessen.* We agree with the state's position. It is the responsibility of defendant's counsel to ensure that any document necessary to his client's argument is in the record on appeal, and we will not speculate on the contents of the proffered instruction. *State v. Jessen.*

■ Further, as to Count Three, there would be no requirement to give such an instruction as it would be an incorrect statement of law.[2] Under our interpretation of the word "possess" as used in A.R.S. § 13–3102(A)(3), actual possession by anyone other than the registration holder is prohibited. The fact that there is a valid registration in the name of another is not a defense to actual possession, making the requested instruction here an incorrect statement of law. It would be improper to

---

**2.** While the registration could be relevant to Count Four, we need not consider this as de-

fendant was acquitted of this charge. *See State v. Frederick.*

give such an instruction. *See State v. Reinhold*, 123 Ariz. 50, 597 P.2d 532 (1979).

### SENTENCING

 The defendant was sentenced to an aggravated term of ten years on Counts One and Two (both class 3 dangerous felonies) and aggravated terms of 1.9 years on Counts Three and Six (both class 6 non-dangerous felonies). The sentences as to Counts One and Two are legally correct.

As to Counts Three and Six (class 6 felonies), no allegation of dangerousness was made and no allegation of prior convictions was proven. Accordingly, defendant could only be sentenced as a nondangerous first offender. The maximum penalty for a class 6 first offender is 1.875 years. A.R.S. § 13–702(A) (Supp.1983). Since defendant was sentenced to terms of 1.9 years, these are unlawful sentences. Pursuant to our authority under A.R.S. § 13–4037(B) we modify these sentences to 1.875 years as the record reflects that was clearly the intention of the trial court.

Finally, the trial judge found two aggravating factors: (1) threatened use of a fully automatic firearm weapon against two police officers, and (2) the prior felony record. As to the first aggravating factor, this is proper even though it also involves an element of the aggravated assaults. *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980). As to the prior felonies, there is no proof in the trial proceedings of these felonies apart from the prosecutor's allegation, which had no supporting documentary evidence. Findings in aggravation need not be matters proved at trial; they need only be found to be true. *State v. Kelly*, 122 Ariz. 495, 595 P.2d 1040 (App. 1979). In his discussions with the presentence investigators, defendant admitted his 1965 felony convictions. The presentence investigator also had access to Federal Bureau of Investigation information on these prior offenses. With this background, we hold that the court properly found both aggravating circumstances.

We affirm the judgment and sentence as modified.

CORCORAN and FROEB, JJ., concur.