**UNITED STATES of America, Appellee,**

v.

**David Lewis ZRUST, Appellant.**

**No. 87–5168.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 31, 1987.

Decided Dec. 14, 1987.

Scott Tilsen, Asst. Federal Public Defender, Minneapolis, Minn., for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

David Lewis Zrust appeals his conviction for possession of an unregistered, sawed-off rifle in violation of 26 U.S.C. §§ 5861(d) and 5871. We affirm.

The facts leading to Zrust's conviction are not in dispute. While posing as purchasers of paramilitary hardware, two undercover agents contacted Zrust at his residence where Zrust produced a sawed-off rifle and a box of ammunition. Zrust told the agents the weapon was operational and the owner wanted seventy dollars for it. The agents paid Zrust the seventy dollars and took the rifle.

Zrust argues the mere physical possession of a sawed-off rifle is not sufficient to support a possession conviction under section 5861(d). Zrust claims there must be evidence of some proprietary interest in the unregistered firearm similar to the interest required for a transfer conviction under 26 U.S.C. § 5861(e). *See United States v. Kiefer*, 694 F.2d 1109, 1114 (8th Cir.1982). Zrust contends the district court committed error when it refused to instruct the jury that "[m]ere transitory physical possession" of a firearm is not possession under section 5861(d). We disagree.

 The element of possession in firearms cases arising under section 5861(d) is satisfied if the defendant has "knowledge of presence plus control." *United States v. Wells*, 721 F.2d 1160, 1162 (8th Cir.1983). Control is shown by the power to dispose of the firearm or to assure its delivery. *Id.* Control is also evidenced by the storing of a sawed-off firearm in one's home. *See United States v. Polk*, 574 F.2d 964, 965 (8th Cir.), *cert. denied*, 439 U.S. 849, 99 S.Ct. 150, 58 L.Ed.2d 151 (1978). It is possession, not ownership, that is controlling on the issue of guilt. *Id.; United States v. Clement*, 747 F.2d 460, 462 (8th Cir.1984). Thus, the district court properly instructed the jury it could find Zrust guilty of the possession charge if it found that Zrust "knowingly ha[d] direct control over [the firearm]."

Zrust also argues the district court permitted "prejudicial questioning and argument" regarding the dangerous nature of sawed-off firearms and the reasons they are closely regulated under federal law. This court has previously held that remarks about the statute's purpose are improper in cases arising under section 5861(d). *United States v. Norton*, 639 F.2d 427, 428–29 (8th Cir.1981); *United States v. Bell*, 573 F.2d 1040, 1045 (8th Cir.1978). Because we conclude the undisputed evidence—including Zrust's own testimony—overwhelmingly establishes his actual possession of the sawed-off rifle, we conclude the district court's error in permitting the challenged questioning and argument is harmless. *See Bell*, 573 F.2d at 1045.

We affirm Zrust's conviction.