763 P.2d 535

**The STATE of Arizona, Appellee,**

v.

**Melvin Bernard COLEY, Appellant.**

**No. 2 CA–CR 87–0519.**

Court of Appeals of Arizona,
Division 2, Department B.

June 21, 1988.

Review Denied Nov. 15, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Phoenix, for appellee.

Daniel F. Davis, Tucson, for appellant.

OPINION

PER CURIAM.

Appellant was found guilty after a jury trial of two counts of possession of a deadly weapon by a prohibited possessor, in violation of A.R.S. § 13–3102(A)(4). He was sentenced to aggravated sentences of 4.5 years in prison on the two counts, the terms to run consecutively to sentences imposed in other cause numbers.

On appeal appellant argues that he could not have been properly convicted of count one under the theory of constructive possession which was given to the jurors by the trial court. The record shows that while counsel did not object to the form or content of the instruction, counsel objected that she did not believe there was any proof that appellant was in constructive possession of a weapon. The state argues that absent a specific instruction, the point has been waived unless fundamental error was present, citing *State v. Nirschel*, 155 Ariz. 206, 745 P.2d 953 (1987). In any case, we do not believe the giving of a constructive possession instruction was erroneous. The state presented evidence that a conspiracy to buy and ship military weapons existed. The evidence showed that appellant and another man were accomplices in the weapons scheme. Although it is true that appellant did not touch the weapon in question, it was transported in appellant's van and it is obvious that appellant knew the weapon was being transported in his van. Under these circumstances, and recognizing that A.R.S. § 13–105(27) does not limit the definition of "possess" to knowing physical possession but includes the concept of "otherwise exercising dominion or control over property," we find that the trial court properly instructed the jury on constructive possession.

Appellant's reliance on Division One's decision in *State v. Kerr*, 142 Ariz. 426, 690 P.2d 145 (App.1984), is misplaced. That case dealt with A.R.S. § 13–3102(A)(3), which forbids possession of prohibited weapons, not the possession of deadly weapons by prohibited possessors. Division One's interpretation of "possess" in A.R.S. § 13–3102(A)(3) to include only one

who actually physically possessed the prohibited weapon was mandated because the prohibited weapons were registered to Kerr's wife and were legally in her "possession" at her home. A.R.S. § 13–3102(A)(4) seeks to prevent prohibited possessors from being in control of deadly weapons. Indeed, the court in *Kerr* suggests that had the defendant been charged under A.R.S. § 13–3102(A)(4), the reasoning of the case would have been different. 142 Ariz. at 432 n. 1, 690 P.2d at 151 n. 1. Appellant never claimed he had no knowledge that the weapon was in his van. Appellant was not surprised when his companion showed the weapon to the undercover officer. He drove from the meeting with the undercover officer with the weapon still in the van. We believe appellant was properly convicted under the constructive possession theory.

Our review of the entire record for fundamental error reveals none. Therefore, the judgments of conviction and the sentences imposed are affirmed.

LIVERMORE, P.J., and
FERNANDEZ and ROLL, JJ., concur.