NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TRENT XAVIER BOUHDIDA, SR., *Appellant.*

No. 1 CA-CR 18-0015
FILED 1-29-2019

Appeal from the Superior Court in Maricopa County
No. CR 2016-000961-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Advisory Counsel for Appellant*

Trent Xavier Bouhdida, Sr., San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Trent Xavier Bouhdida, Sr., timely appeals his convictions and sentences for four counts of sale of marijuana. He argues the convictions violated his due process rights because the superior court lacked subject matter jurisdiction. For the reasons that follow, we affirm the ruling of the superior court.

## BACKGROUND

¶2        Bouhdida met an undercover police officer in a 7-Eleven parking lot in Phoenix. The officer initially made contact with Bouhdida as part of a sting operation to recover stolen goods. Bouhdida and the officer exchanged phone numbers and on the following day Bouhdida sent a text message to the officer stating that he had marijuana for sale. The officer arranged to purchase marijuana from Bouhdida. Between May and July, Bouhdida sold marijuana to the undercover officer on four separate occasions.

¶3        The grand jury returned an indictment charging Bouhdida with four counts of the sale or transportation of marijuana. Each count of the indictment alleged that Bouhdida

> knowingly did transport for sale, import for sale, import into this state, or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer an amount of marijuana having a weight of less than two pounds, in violation of [Arizona Revised Statutes ("A.R.S.")] §§ 13-3401, 13-3405, 13-3418, 13-3701, 13-702, and 13-801.

The grand jury further alleged that Bouhdida committed the sales in Maricopa County. The State subsequently amended the indictment to allege several sentence enhancements, including four dangerous historical felony convictions from 2009.

¶4        A jury found Bouhdida guilty on all four counts. At sentencing, the court found that the State had proven all four of the dangerous historical felony convictions and sentenced him to four concurrent, presumptive prison terms of 11.25 years. The court revoked Bouhdida's probation he was serving for the prior felonies and imposed a consecutive sentence of five years. Bouhdida timely appealed.

## DISCUSSION

¶5        On appeal, Bouhdida challenges the superior court's subject matter jurisdiction. "Subject matter jurisdiction is 'the power of a court to hear and determine a controversy.'" *State v. Fimbres*, 222 Ariz. 293, 301, ¶ 29 (App. 2009) (quoting *State v. Bryant*, 219 Ariz. 514, 517, ¶ 14 (App. 2008). Subject matter jurisdiction is a question of law, which we review de novo. *Id.* at 301, ¶ 27.[1]

¶6        As an initial matter, Bouhdida attempts to challenge the superior court's subject matter jurisdiction over his prior felony convictions used to enhance his sentence. He argues that the court "failed to prove the nature and cause of action, thus, 'subject matter jurisdiction' on the record for both cases," citing this case and the prior felony case. Bouhdida's assertions regarding his prior convictions are unavailing. To the extent Bouhdida challenges the court's revocation of his probation, Arizona Rule of Criminal Procedure 27.8 allows the court to revoke probation upon a finding that the probationer violated a condition of probation. Further, a defendant cannot contest the legal sufficiency of a prior conviction used as a sentence aggravator on direct appeal; rather, a defendant must do so directly through post-conviction relief procedures in the prior case. *State v. Gunches*, 240 Ariz. 198, 205, ¶ 28 (2016); *State v. Cropper*, 205 Ariz. 181, 185, ¶¶ 19-20 (2003).

¶7        Bouhdida's argument regarding jurisdiction in the instant case is similarly unavailing. The indictment in this case charged him with four counts of selling marijuana in Maricopa County, class 3 felonies, in violation of A.R.S. § 13-3405(A)(4), (B)(10). The superior court had

---

[1] Bouhdida knowingly, intelligently, and voluntarily waived counsel, was appointed advisory counsel, and represents himself on appeal. *See* U.S. Const. amends. VI, XIV; Ariz. Const. art. 2, § 24; *State v. Cornell*, 179 Ariz. 314, 322 (1994). In his reply brief, Bouhdida also attempts to raise an additional argument: that the superior court committed fraud. This argument is waived because Bouhdida failed to raise it in his opening brief. *See Nelson v. Rice*, 198 Ariz. 563, 567, ¶ 11 n.3 (App. 2000).

jurisdiction over the felony charges. *See* Ariz. Const. art. 6, § 14(4) (conferring original jurisdiction to the superior court over felony criminal cases); A.R.S. § 12-123 ("The superior court shall have original and concurrent jurisdiction as conferred by the constitution . . . .").

¶8        Bouhida argues that "subject matter jurisdiction has not been . . . proven or established and the court is acting in kangaroo with no legal authority to render a judg[ment]." Bouhdida further argues that the prosecutor "must state the cause of action/authority to give the court subject matter jurisdiction over the indictment." But in a criminal case, "subject matter jurisdiction is established when the indictment is filed," and, once established, cannot be lost. *Fimbres*, 222 Ariz. at 302, ¶ 33. The State has subject matter jurisdiction to prosecute crimes committed within its territorial borders. A.R.S. § 13-108(A)(1). Accordingly, the indictment conferred subject matter jurisdiction on the superior court.

¶9        Bouhdida next argues that the court lacked subject matter jurisdiction because the indictment itself was defective. Article 2, Section 30 of the Arizona Constitution provides that "[n]o person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment." A felony prosecution may begin with an indictment, which "reflects a grand jury's finding of probable cause to support the charged offense." *State v. Maldonado*, 223 Ariz. 309, 310, ¶ 7 (2010); *see also* Ariz. R. Crim. P. 13.1(b). Arizona Rule of Criminal Procedure 13.1[2] governs the form of indictments. An indictment is legally sufficient if it informs the defendant of the essential elements of the charges. Ariz. R. Crim. P. 13.1(a); *cf. State v. Kerr*, 142 Ariz. 426, 431 (App. 1984) (explaining when an information is legally sufficient). Rule 13.1 further requires that for each count, the indictment cite the statute the defendant is alleged to have violated. Ariz. R. Crim. P. 13.1(d).

¶10        The indictment in this matter complied with every aspect of the rule and was therefore legally sufficient. Moreover, even assuming the indictment was defective, the Arizona Supreme Court has rejected the argument that such a defect deprives a court of subject matter jurisdiction over further proceedings in a criminal case. *Maldonado*, 223 Ariz. at 311, ¶ 13; *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

---

[2] The Arizona Rule of Criminal Procedure governing indictments in effect when the indictment was filed in this case is Rule 13.2 (2016). It was amended and renumbered in 2018. No material revision was made to the rule, so we cite to the current version.

Indeed, the superior court properly exercised subject matter jurisdiction over Bouhdida's case and his due process rights were not violated by the court's exercise of jurisdiction.

**CONCLUSION**

**¶11** For the foregoing reasons, we affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA